UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

PERFECT PEACE FUNERAL HOMES
INCORPORATED d/b/a DAVID LANE-
FLOYD W. GILMORE FUNERAL SERVICES
*FKA* ALPHA & OMEGA FUNERAL SERVICES, INC.


                            Debtors.
---------------------------------------------------------------X

Chapter 11
Case No.:

### DECLARATION OF FLOYD W. GILMORE PURSUANT
### TO RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES
### FOR THE EASTERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. § 1746, I, **FLOYD W. GILMORE**, hereby declare as

follows under the penalty perjury:

1.       I am the President of **Perfect Peace Funeral Homes Incorporated**

**d/b/a David Lane-Floyd W. Gilmore Funeral Services** *fka* **Alpha & Omega Funeral**

**Services** and in this role, I have become familiar with the Debtor's business, day-to-day

operations and financial affairs.

2.   I submit this declaration (the *"Declaration"*) pursuant to Rule 1007-4 of the

Local Bankruptcy Rules for the Eastern District of New York (the *"Local Bankruptcy*

*Rules"*) in support of the voluntary petition for relief by the Debtor under chapter 11 of

title 11 of the United States Code (the *"Bankruptcy Code"*) and the motions and

applications for related relief filed as of the date hereof (the "Petition Date").

3.   I have reviewed the pleadings or have otherwise had their contents explained

to me and, to the best of my knowledge, insofar as I have been able to ascertain after

reasonable inquiry, I believe that the approval of the relief requested therein is necessary

to minimize disruption to the Debtor's business operations so as to permit an effective transition into chapter 11, preserve and maximize the value of the Debtor's estate and ultimately achieve a successful reorganization.

4.   Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge of the Debtor's business operations, my review of relevant documents, and information provided to me or verified by professional advisers.  Unless otherwise indicated, the financial information contained in this Declaration is unaudited and subject to change.  I am authorized to submit this Declaration on behalf of the Debtors, and if called upon to testify, I would testify competently to the facts herein.

5.   Since 1993 the Debtor is an operator of a funeral home located at the leased premises known as 396 Stanley Avenue, Brooklyn, NY 11207, and the services rendered therefrom are conducted under the *DBA* David Lane-Floyd W. Gilmore Funeral Services.

6.   The Debtor operates as a funeral home under a commercial lease at the premises known as 396 Stanley Avenue, Brooklyn, NY 11207.

7.   The Debtor requires chapter 11 relief to provide necessary breathing room to rehabilitate and maximize value for all creditors.

8.   The Debtor has faced declining revenues, insufficient liquidity and it's a defendant in several lawsuits including:

   a.   422 Louisiana Realty LLC *v.* Perfect Peace Funeral Homes, Inc., Index No L/T: 9949/2013;
   b.   Platinum Rapid Funding Group Ltd *v.* Perfect Peace Funeral Homes, Inc., et al. Index Number: 600372/2014
   c.   Worker's Compensation Board of the State of New York *v.* Perfect Peace Funeral Homes, Inc., Index Number: 90155/2015
   d.   Perkins Limousine, Inc. *v.* Floyd Gilmore, Perfect Peace Funeral Homes, Inc., et al.
   e.   Lamar Advertising *v.* Alpha & Omega Funeral Services, Inc., Index Number: CV-045811/2014

f.  GZA Environmental, Inc. *v*. Gilmore, Floyd Alpha & Omega Funeral Services, Inc., Index Number: CV-0254476-06
g.  Lufthansa Cargo A.G. *v*. Alpha & Omega Funeral Services, Inc., et al., Index Number: CV-046631/2010
h.  Melisa Elizabeth Harrison *v*. Alpha & Omega Funeral Services, Inc., et al., Index Number: CV-074076/2014
i.  Inner City Broadcasting v. Gilmore, Floyd, et. al., Index Number: 017139/2010

9.    Moreover, the Debtor is currently in arrears with 422 Louisiana Realty LLC, the Landlord of the leased premises known as 396 Stanley Avenue, Brooklyn, NY 11207 (hereinafter the "Landlord") and is scheduled to be evicted  from the demised premises unless it cures the arrears on or about March 31, 2015.

10. As a result of the confluence of the aforementioned events coupled with declining revenue and insufficient liquidity, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code.  The purpose of filing is to preserve the assets of the Debtor for the benefit of creditors and to preserve priorities of creditors.

11. The Debtor believes that with the protection of the Bankruptcy Code and the breathing room afforded by the automatic stay, the Debtor can stabilize operations, restructure its debts and confirm a reorganization plan in accordance with the Bankruptcy Code.

12. There is no other or prior bankruptcy case filed by or against the Debtor.

13. There has not been a committee of unsecured creditors organized prior to the order for relief in the Debtor's Chapter 11 case.

14. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such

entity.

15.  The following is a list of the Debtor's directors, officers and affiliates:

    a.   Floyd W. Gilmore
         396 Stanley Avenue
         Brooklyn, NY 11207

16.  No shares of stock, debentures or other securities of the Debtor or any subsidiary of the Debtor is publicly held.

17.  Annexed hereto as *Exhibit "A"* is a copy of the Debtor's LLC resolution authorizing the Debtor's Chapter 11 filing.

18.  Substantially all of the Debtor's books and records are located at the Debtor's place of business located at 396 Stanley Avenue, Brooklyn, NY 11207.

19.  The Debtor does not own any assets outside the territorial limits of the United States.

20.  The schedule of the twenty (20) largest unsecured creditors, excluding insiders, appears on *Exhibit "B"* to this affidavit.

21.  The Debtor's largest secured creditor is: *NONE*

22.  The following is a list of the lawsuits currently pending against the Debtor:

    a.  422 Louisiana Realty LLC *v.* Perfect Peace Funeral Homes, Inc., Index No L/T: 9949/2013;
    b.  Platinum Rapid Funding Group Ltd *v.* Perfect Peace Funeral Homes, Inc., et al. Index Number: 600372/2014
    c.  Worker's Compensation Board of the State of New York *v.* Perfect Peace Funeral Homes, Inc., Index Number: 90155/2015
    d.  Perkins Limousine, Inc. *v.* Floyd Gilmore, Perfect Peace Funeral Homes, Inc., et al.
    e.  Lamar Advertising *v.* Alpha & Omega Funeral Services, Inc., Index Number: CV-045811/2014
    f.  GZA Environmental, Inc. *v.* Gilmore, Floyd Alpha & Omega Funeral Services, Inc., Index Number: CV-0254476-06
    g.  Lufthansa Cargo A.G. *v.* Alpha & Omega Funeral Services, Inc., et al.,

Index Number: CV-046631/2010
h.  Melisa Elizabeth Harrison *v.* Alpha & Omega Funeral Services, Inc., et al., Index Number: CV-074076/2014
i.  Inner City Broadcasting v. Gilmore, Floyd, et. al., Index Number: 017139/2010

23.  The Debtor's total liabilities are approximately *$392,526.65* of secured, unsecured priority and non-priority claims.

24.  The Debtor does not expect to assume any obligations which will remain unpaid during the next thirty (30) day period.

25.  The proposed remuneration to be rendered to the officers of the Debtor for the next thirty (30) days is $-0-. The payroll, excluding officers, for the same period is $2,600.00.  It is estimated that the Debtor's income and the estimated operating expense for the next thirty days is the following:

26.  It is estimated that the operations of the Debtor will result in a profit for the thirty (30) days following the filing of this Chapter 11 petition.

27.  The needs and interest of the Debtor and its creditors will be best served by the Debtor remaining in possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

28.  The Debtor intends to continue in operation and propose a plan of reorganization, which treats all creditors in a fair and equitable manner consistent with the provisions of the Bankruptcy Code.

29.  The Debtor and Debtor's counsel reserves the right to amend the within affidavit according to applicable case law, code provisions and rules.

I swear under the penalty of perjury that the foregoing is true and accurate.


Dated: March 30, 2015
       New York, NY

                                        /s/ *Floyd W. Gilmore*
                                        FLOYD W. GILMORE
                                        President



Sworn to before me this
30th day of March 2015

/s/ Julio E. Portilla
NOTARY
No. 02PO6252910
Qualified in New York County
Commission Expires 12/12/2015